STATE OF NEW JERSEY AND THE CITY OF UNION
CITY, PROSECUTORS, v. HUDSON COUNTY COURT OF
COMMON PLEAS, JOHN J. McGOVERN,· CLERK; RE-
CORDER'S COURT OF UNION CITY, ALFRED E. MODA-
RELLI, RECORDER, AND JOSEPH G. KOPSKY, RE-
SPONDENTS.

Submitted October term, 1929—Decided May 10, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Andrew E. Wittreich*.

For the respondents, *Morris Barison*.

PER CURIAM.

Joseph G. Kopsky was convicted in the recorder's court
of Union City of the violation of a city ordinance concerning
the storage and sale of fireworks, and appealed to the Com-
mon Pleas Court of Hudson county.

On the day following the appeal the Common Pleas judge
made an order setting down the ·hearing of the appeal for
July 16th, 1929, and requiring the recorder to "produce then
and there the complaint, record of conviction and commit-

ment and the corporation attorney of the city of Union City within five days," and further ordered that a copy of the order be served on the recorder before whom the conviction was had and the corporation attorney of the city.

On the 16th the trial records were not produced and counsel for the city asked an adjournment on the ground that insufficient time for the return had been granted in the order. This application was refused and the conviction was then reversed. The writ before us is to review this action.

We think the judgment must be set aside. It is sought to be sustained on the theory that the return is required to be made "forthwith" by section 1 of the act of 1908, page 442, which prescribes that on application to the justice of the Supreme Court or Common Pleas judge any summary conviction may be reviewed, and that he shall order the record of conviction brought before him forthwith and if the proceedings are found to be illegal, to set aside the conviction and free the prisoner.

The prosecutor was not seeking a review as contemplated by that act, calling for a judgment as to the sufficiency of the proceedings to warrant the conviction, but appealing under chapter 320 of the laws of 1927. On such appeal certain definite steps seem to be required, among others that the recorder shall within twenty days certify the proceedings before him. *Pamph. L.* 1927, *ch.* 320, § 16. Before this time has expired the reviewing court has neither the record nor the right to the record, upon which it is required to pass. Its action, therefore, is premature; it is not yet empowered to act, and any judgment at such stage of the proceedings would be error.

Even if regarded as a review under the act of 1908, the Common Pleas judge could not act without the record being before him. Nor could the default of the recorder in making his return be vested on the appellant. It was the duty of the judge to enforce by some appropriate proceeding compliance by the recorder with the law, and only then pronounce on the record as it might appear when produced.

The judgment is reversed, with costs.